# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MEDCOR, INC.**, an Illinois Corporation, <br><br> Plaintiff, <br><br> v. <br><br> **CHRISTOPHER GARCIA**, a California resident; **AMANDA BROWN,** a Texas resident; **DR. RAVI PATEL,** a Florida resident; and **MEDWAY HEALTH, INC.,** a California Corporation; <br><br> Defendants. | Civil Case No.: 1:21-cv-02164 <br><br> Honorable Manish S. Shah |

**MEDCOR, INC.'S FIRST SET OF INTERROGATORIES
TO DEFENDANT CHRISTOPHER GARCIA, DEFENDANT AMANDA BROWN,
DEFENDANT DR. RAVI PATEL, AND DEFENDANT MEDWAY HEALTH, INC.**

Pursuant to Rules 26 and 33of the Federal Rules of Civil Procedure, Plaintiff Medcor, Inc. ("Medcor") hereby propounds its First Set of Interrogatories to each of Defendant Christopher Garcia, Defendant Amanda Brown, Defendant Dr. Ravi Patel, and Defendant Medway Health, Inc. as set forth below, and requests that Defendants serve its responses in writing to counsel for Medcor pursuant to the Federal Rules of Civil Procedure or as may be ordered by the Court pursuant to Medcor's Motion for Expedited Discovery. Inspection shall occur at the offices of Brinks, Gilson & Lione, NBC Tower, Suite 3600, 455 N. Cityfront Plaza Dr., Chicago, IL 60611, unless an agreement to the contrary is reached, in writing, between the parties or the Court orders production at an earlier date as requested by Medcor.

These Interrogatories shall be of a continuing nature, and Defendants' responses thereto shall be supplemented from time to time as required by the Federal Rules of Civil Procedure.

**INTRODUCTION AND DEFINITIONS**

The definitions set forth in Medcor's First Request for Production of Documents, served concurrently herewith, shall also apply to these Interrogatories.

In addition, the following instructions and definitions apply herein:

    A.    When asked to "identify" any corporation, partnership, business entity or other "person," Defendants are requested to name the person or entity and provide at least sufficient information to enable the person or entity to be subpoenaed, including present or last known address or telephone number, occupation, job title, business affiliation and/or nature of business.

    B.    When used in conjunction with the term "document" or "documents," "identify" or "describe" shall mean to provide sufficient identify information to enable the document to be subpoenaed, including: its title and/or subject matter; its date; its author or person signing the document; and the name and address of its present custodian. When the identification and description of documents are requested, Defendants may, in lieu of identifying and describing the documents, attach legible copies of the documents to the responses to the Interrogatories, provided that each document is appropriately marked to identify the Interrogatory to which the document is responsive.

    C.    If in response to any Interrogatory there is any response that is not fully given because of a claim of privilege or "work product," describe the substance or content of the underlying information for which a privilege is asserted and the basis for the claim of privilege with sufficient detail to permit evaluation of the claim. You are required to answer the Interrogatory to the extent that it is not subject to the objection or privilege.

    D.    These Interrogatories are deemed continuing to the extent provided by the Federal Rules of Civil Procedure. If after answering these Interrogatories Defendants obtain or

become aware of any further responsive information, Medcor requests that Defendants update and amend their responses herein.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Please identify all persons known to Defendants to have personal knowledge concerning the subject matter of this litigation and the allegations in the Complaint, and for each person identified summarize the relevant facts known or believed to be known by such person.

2. Identify all persons known to Defendants to have personal knowledge concerning the recruitment, hiring, and employment of Defendant Patel by Defendant Medway, and for each person identified summarize the relevant facts known or believed to be known by such person.

3. Please describe with particularity all communications and discussions between Defendants and any current or former employee or contractor of Medcor concerning or in any way related to the subject matter of this lawsuit including, without limitation, employment or prospective employment with Defendant Medway.

4. Please identify all current or former customers of Medcor that Defendants have contacted, directly or indirectly, on behalf of Defendant Medway or Defendant Garcia, and for each such entity provide:

    a. the date of such contact;

    b. the specific individual(s) contacted;

    c. the specific participants in such contact; and

    d. the substance of such contact and communication thereof.

5. Please identify all entities to whom Defendants have sold any COVID Services on behalf of Medcor, including, without limitation, any sales supervised by Defendant Garcia or

Defendant Patel and sales for which Defendant Garcia or Defendant Patel provided information or were otherwise involved.

6. Please identify all entities to whom Defendants have offered to sell or sold COVID Services on behalf of Defendant Medway, either directly or indirectly.

7. Please identify all current or former Medcor employees that Defendants have contacted, directly or indirectly, regarding potential or actual employment with Defendant Medway.

8. Please identify each and every computer, smartphone, external electronic storage device, cloud storage or email service within the possession, custody, use or control of Defendants that were used and are used in connection with Defendants' solicitation and delivery of COVID Services for or on behalf of Defendant Medway or in competition with Medcor, from December 9, 2020 to the present date, and for each such device or service, please state whether the device is currently in the possession of Defendants, the location of the device, the telephone and/or email address tied to the device or service and the service carrier/provider for the device or service.

9. Identify each and every contract, service agreement, purchase order, or any other document memorializing an agreement to provide COVID Services and/or services since January 13, 2021, the date of Defendant Medway's business incorporation.

10. For each and every client and/or customer and/or account listed in the answer to Interrogatory No. 10, state:

    a. The amount of revenue Defendant Medway anticipates or has derived from the contract and/or account;

b. The amount of profits Defendant Medway anticipates or has derived from the contract and/or account;

c. The identity of the individual(s) who contacted and maintained contact with that client/customer on behalf of Defendant Medway;

d. The identity of the employee of Defendant Medway who was responsible for handling that client/customer's contract/account;

e. The identity of the client with whom Defendant Medway or the Defendants worked; and

f. The amount of commissions generated by the employee of Defendant Medway responsible for handling that client/customer's contract/account.

11. State whether any Defendant, or any other current or former Defendant Medway employee, principal, director, or agent ever accessed or used, after December 9, 2020, Medcor information, including, without limitation, Medcor customer lists, client contact lists, databases, pricing information, service protocols, client contracts, client proposals or any other confidential information, proprietary information, or trade secrets – and fully describe the facts and circumstances of each such access or use, including, without limitation, what was done with such information.

12. Describe in detail all facts relating to any instance in which any individual Defendant, either directly or indirectly ascribed, attributed, or passed off his or her professional experience(s) at Medcor as professional experience(s) at Defendant Medway, or otherwise directly or indirectly ascribed, attributed, or passed off Medcor's work, experience or accomplishment as Defendant Medway's work, experience or accomplishment.

13. Describe in detail all facts relating to any instance in which an end consumer, customer, or a member of the public has been, or may have been, confused as a result of any Defendant's use of the MEDWAY Marks and Medcor's use of the MEDCOR Marks, including, without limitation, the circumstances surrounding such confusion, the identity of individuals with knowledge regarding such confusion, and all documents relating to such confusion.

By: /s/Dalton K. Hughes
William H. Frankel
wfrankel@brinksgilson.com
Virginia W. Marino
vmarino@brinksgilson.com
Dalton K. Hughes
dhughes@brinksgilson.com
**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611
Telephone: (312) 321-4200

*Attorneys for Plaintiff
MEDCOR, Inc.*

Anthony W. Mattivi
Anthony.Mattivi@medcor.com
MEDCOR, Inc.
4805 Prime Parkway
P.O. Box 550
McHenry, IL 60050
Telephone: (815) 363-9500

*Of Counsel for Plaintiff
MEDCOR, Inc.*

Dated: May 5, 2021