# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MEDCOR, INC.**, an Illinois Corporation, <br><br> Plaintiff, <br><br> v. <br><br> **CHRISTOPHER GARCIA**, a California resident; **AMANDA BROWN,** a Texas resident; **DR. RAVI PATEL,** a Florida resident; and **MEDWAY HEALTH, INC.,** a California Corporation; <br><br> Defendants. | Civil Case No.: 1:21-cv-02164 <br><br> Honorable Manish S. Shah |

## MEDCOR, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT CHRISTOPHER GARCIA, DEFENDANT AMANDA BROWN, DEFENDANT DR. RAVI PATEL, AND DEFENDANT MEDWAY HEALTH, INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Medcor, Inc. ("Medcor") hereby propounds its First Set of Requests for Production of Documents to each of Defendant Christopher Garcia, Defendant Amanda Brown, Defendant Dr. Ravi Patel, and Defendant Medway Health, Inc. as set forth below, and requests that Defendants serve copies of the requested documents to counsel for Medcor pursuant to the Federal Rules of Civil Procedure or as may be ordered by the Court pursuant to Medcor's Motion for Expedited Discovery.

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Medcor hereby requests that Defendants produce the original of all documents designated herein and allow Medcor or its counsel to inspect and copy said documents. Said production and inspection shall occur at the offices of Brinks, Gilson & Lione, NBC Tower, Suite 3600, 455 N. Cityfront Plaza Dr., Chicago, IL 60611, unless an agreement to the contrary is reached, in writing, between the parties or the Court orders production at an earlier date as requested by Medcor.

These Requests for Production of Documents shall be of a continuing nature, and Defendants' responses thereto shall be supplemented from time to time as required by the Federal Rules of Civil Procedure.

**INTRODUCTION AND DEFINITIONS**

A. As used herein, the terms "Defendants" shall refer to Defendant Christopher Garcia, Defendant Amanda Brown, Defendant Ravi Patel and Defendant Medway, as well as all agents, employees, affiliates, and representatives acting on behalf of them.

B. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.

C. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

D. The term "person" is defined as any natural person or business, legal, or governmental entity or association.

E. The term "relate" means concerning, referring to, describing, evidencing, or constituting.

F. "Person" refers to both natural persons and to corporate or other business entities.

G. "COVID Services" is defined as "COVID-19 related health security screening, testing, and worksite COVID-19 exposure management services." (Complaint ¶ 2).

H. "Protected Information" is defined as Medcor's expertise and know-how of COVID Services, including industry and client-specific knowledge of how to implement intrusive COVID-19 screening and testing services in a way that does not interfere with program production, and further including without limitation the following: (a) Medcor's telephone triage

algorithms, Medcor's AFKAM software, and Medcor's telephone triage methods, processes and systems, including the implementation of US and foreign Patents (U.S. No. 7,668,733; 7,716,070; & 7,720,692; other patents pending); (b) Medcor's occupational health clinic Patient Care Guidelines, Medcor's processes and systems to implement and execute its Patient Care Guidelines, Medcor's Medfiles software, and Medcor's Medfiles Wizard algorithms; (c) Login and password information for Medcor's information systems; (d) Medcor's business planning and pricing methodologies; (e) Medcor's internal non-public financial information; (f) Information from clients that is considered a trade secret by the client; (g) Client and customer lists, the identity of key client contact persons responsible for purchasing the types of services provided by Medcor, and Medcor's pricing methods (including, but not limited to, the COVID Services key client list and execution methods); (h) Specialized strategies, practices and procedures for obtaining and maintaining clients, including both proven and planned marketing, sales and ongoing service strategies and programs; (i) Medcor's Quality Assurance methods and results; (j) Medcor's integration between customers' claims processes and Medcor's clinic and triage processes, including operational solutions relevant to individual clients; (k) Medcor's clinic operations policies, procedures and processes.; (l) Medcor's telephone triage policies, procedures and processes; (m) The processes and systems of Medcor's clients, including claims processing and handling, client policies and procedures, the systems and methods clients utilize to interface with Medcor's services; (n) All personal information about individuals utilizing Medcor's services; (o) Information from clients that is considered proprietary information by the client; and (p) Other information determined by Medcor to be confidential.

I. The "MEDCOR Marks" refer to the trademark MEDCOR alone and in connection with other words and designs.

J. The "MEDWAY Marks" refer to the trademark MEDWAY alone and in connection with other words and designs.

K. The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation (including its relationship to other events).

L. The conjunctive shall include the disjunctive, and the disjunctive shall include the conjunctive.

M. The singular shall include the plural, and the plural shall include the singular.

N. If in response to any Request for Production there is any response that is not fully given because of a claim of privilege or "work product," describe the substance or content of the underlying information for which a privilege is asserted and the basis for the claim of privilege with sufficient detail to permit evaluation of the claim. You are required to respond to the Request for Product to the extent that it is not subject to the objection or privilege.

O. If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, please set forth in writing: (a) the date, name and subject matter of the document; (b) the name, employment and title of each person who prepared, received, reviewed, or had custody, possession, or control of the document; (c) all persons with knowledge of the contents or any portion of the contents of the document; (d) the previous location of the document; (e) the date of disposal or transfer of the document; (f) the reason for disposal or transfer of the document; and, if applicable, (g) the manner of disposal of the document; or, if applicable, (h) the names and addresses of the transferees of the document.

P. These Requests for Production of Documents are deemed continuing to the extent provided by the Federal Rules of Civil Procedure. If after answering these Requests for

Production of Documents Defendants obtain or become aware of any further responsive information, Medcor requests that Defendants update and amend their responses herein.

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**

1. Please produce any and all documents identified, mentioned, referred to, or reviewed in preparation of Defendants' responses to Plaintiff's First Set of Interrogatories, or relied upon by Defendants or their attorneys in responding to those Interrogatories.

2. Please produce all correspondence, including emails, text messages, proposals, orders, invoices, and other correspondence, between any of the Defendants and any current or former client of Medcor from October 1, 2020 through the present.

3. Please produce all correspondence, including emails, text messages, proposals, orders, invoices, and other correspondence, between any of the Defendants and any current or former employee or contractor of Medcor from October 1, 2020 through the present.

4. Please produce all correspondence, including emails, text messages, proposals, orders, invoices, and other correspondence, between any of the Defendants and any current or former vendor of Medcor from October 1, 2020 through the present.

5. Please produce all contracts, service agreements, purchase orders, or any other documents relating to an agreement to provide COVID Services and/or services related in any way to Medcor's business since January 13, 2021, the date of Defendant Medway's business incorporation, including but not limited to all such documents relating to CBS, Shedd Media, Carr-Hughes Productions, or ESPN.

6. Please produce copies of Medway's personnel file for Defendant Patel, including, without limitation, any and all documents or correspondence related to Defendant Patel's recruitment for employment by Defendant Medway.

7. Please produce copies of Medway's personnel file for any other former employee of Medcor, including, without limitation, any and all documents or correspondence related to their respective recruitment for employment by Defendant Medway.

8. Please produce any and all correspondence between any of the Defendants and/or any third party regarding any employee identified in response to Request No. 7 above.

9. Please produce all correspondence, including emails, text messages, proposals, orders, invoices, and other correspondence, between any of the Defendants and/or any third party referencing any current or former customer or vendor of Medcor, including but not limited to CBS, Shedd Media, Carr-Hughes Productions, or ESPN.

10. Please produce all documents containing, reflecting or describing, in whole or in part, any Protected Information of Medcor, that were created, in whole or in part, by Medcor.

11. Please produce all documents, correspondence or communications in Defendants' possession between and amongst Defendants regarding:

    a. The founding, incorporation, development and organization of Defendant Medway, including the selection of the name and trademark MEDWAY;

    b. Defendant Patel's employment with and recruitment for employment by Defendant Medway and Defendant Garcia;

    c. Defendant Patel's contracts with Onsite, "Physician Agreement to Provide Medical Services (August 9, 2020)" and "Physician Agreement to Provide Medical Services (August 31, 2020)", including the enforceability thereof;

    d. Defendant Garcia's contracts with Medcor, "EMPLOYMENT AGREEMENT – OPERATIONS MANAGER, TARGET LEVEL" and ], including the enforceability thereof;

e. Defendant Brown's contract with Medcor, "EMPLOYMENT AGREEMENT – OPERATIONS DIRECTOR LEVEL", including the enforceability thereof;

f. Any current or former customer of Medcor, including but not limited to CBS, Shedd Media, Carr-Hughes Productions, or ESPN.;

g. Any current or former employee of Medcor;

h. Any current or former contractor of Medcor; and/or

i. Any Protected Information of Medcor.

12. Please produce all documents referring to, relating to, or reflecting upon the following:

a. Any print or copy of a Medcor customer list, customer database, client contact sheet, confidential information, proprietary information, trade secrets or Protected Information made by Defendants or on behalf of Defendants;

b. Any email of a Medcor customer list, customer database, client contact sheet, confidential information, proprietary information, trade secrets or Protected Information sent by Defendants or on behalf of Defendants to someone who was not an employee of Medcor;

c. Any download of a Medcor customer list, customer database, client contact sheet, confidential information, proprietary information, trade secrets or Protected Information onto an external hard drive, electronic storage device, CD, or other digital copy of said information and documents made by Defendants or on behalf of Defendants;

d. Any photographs or videos or other recording of any Medcor customer list, customer database, client contact sheet, confidential information, proprietary

information, trade secrets or Protected Information taken by Defendants or on behalf of Defendants;

  e. Any handwritten or typed notes of any Medcor customer list, customer database, client contact sheet, confidential information, proprietary information, trade secrets or Protected Information taken by Defendants or on behalf of Defendants; or

  f. Any other method of taking a Medcor customer list, customer database, client contact sheet, confidential information, proprietary information, trade secrets or Protected Information created by or belonging to Medcor by Defendants or on behalf of Defendants.

13. Please produce all documents, correspondence, or communications that Defendant Garcia accessed, downloaded, copied, or otherwise took via another method after Defendant Garcia's termination from Medcor on December 9, 2020.

14. Please produce all documents, correspondence or communications which relate or refer to any instance in which an end consumer, customer or any member of the public has been, or may have been, confused as a result of the contemporaneous use of the MEDCOR Marks and the MEDWAY Marks, including without limitation all documents describing each such instance of confusion.

15. Please produce all documents, correspondence or communications which relate or refer to any instance in which any individual Defendant, either directly or indirectly ascribed, attributed, or passed off his or her professional experience(s) at Medcor as professional experience(s) at Defendant Medway, or otherwise directly or indirectly ascribed, attributed, or passed off Medcor's work, experience or accomplishment as Defendant Medway's work, experience or accomplishment.

16. Please produce all documents, correspondence, or communications which relate or refer to Defendants' advertising and promotion of goods and services sold under the MEDWAY Marks.

17. Please produce all documents, correspondence, or communications which relate or refer to the selection and adoption of the MEDWAY Marks.

By: /s/ Dalton K. Hughes
William H. Frankel
wfrankel@brinksgilson.com
Virginia W. Marino
vmarino@brinksgilson.com
Dalton K. Hughes
dhughes@brinksgilson.com
**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611
Telephone: (312) 321-4200

*Attorneys for Plaintiff
MEDCOR, Inc.*

Anthony W. Mattivi
Anthony.Mattivi@medcor.com
MEDCOR, Inc.
4805 Prime Parkway
P.O. Box 550
McHenry, IL 60050
Telephone: (815) 363-9500

*Of Counsel for Plaintiff
MEDCOR, Inc.*

Dated: May 5, 2021